UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

TAELOR DORSEY,                          )
                                        )
        PLAINTIFF,                      )
                                        )    Civil Action No. 24-cv-00960
        v.                              )
                                        )    Hon. Sharon Johnson Coleman
EXPERIAN INFORMATION                    )
SOLUTIONS, INC.; EQUIFAX INFORMATION    )
SERVICES, and TRANSUNION, LLC.          )
                                        )
                                        )
                                        )
        DEFENDANTS.                     )


                            **JOINT STATUS REPORT**

1. **The Nature of the Case**

    A. Attorneys of Record

       For The Plaintiff

       Michael Wood
       Celetha Chatman
       ***Community Lawyers, LLC.***
       980 N. Michigan Avenue, Suite 3100
       Chicago, IL 60611
       Ph: (312)757-1880
       Fx: (312) 476-1362
       mwood@communitylawyersgroup.com
       cchatman@communitylawyersgroup.com

       For The Defendant Trans Union, LLC.
       Camille R. Nicodemus
       ***Quilling Selander, Lownds, Winslett & Moser, P.C.***
       10333 N. Meridian St. Suite 200
       Indianapolis, IN 46290
       Email: cnicodemus@qslwm.com

       Laura K. Rang
       Trans Union, LLC.

                                    1

555 W. Adams Street
Chicago, IL 60661
Laura.rang@transunion.com

For The Defendant Experian Information Solutions, Inc.
John Robert B. DeLaney
*Jones Day*
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
rdelaney@jonesday.com

For The Defendant Equifax Information Services, LLC.
Rodney Lewis
Kevin M. Hogan
*Polsinelli PC.*
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
rodneylewis@polsinelli.com
kmhogan@polsinelli.com

B. **Nature of the Claims**

   A. Defendants willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

   B. Defendants willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

   C. Defendants willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

   D. No counterclaims are alleged.

   E. **Trans Union**: Trans Union, LLC ("Trans Union") is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

C. **Major Legal and Factual Issues in the Case**

   i. Principal legal & factual issues:

      a. **For the Plaintiff**: Whether Defendants' conducted a reasonable investigation after receiving Plaintiff's dispute.

      b. **For the Defendants**: **Trans Union**: Trans Union identifies the relevant factual and legal issues as follows: 1) did Trans Union report factually inaccurate consumer credit information; 2) did Plaintiff dispute purported factually inaccurate credit information with Trans Union; 3) did Trans Union have and follow reasonable procedures in assuring the maximum possible accuracy of consumer reports; 4) did Trans Union conduct a reasonable reinvestigation of a dispute of factual information as properly disputed by Plaintiff; 5) did Trans Union willfully violate the Fair Credit Reporting Act; and 6) did Plaintiff suffer any concrete damages as a result of any unreasonable reinvestigation or procedure relating to credit reporting.

      c. **Experian Information Solutions, Inc.**: Whether Plaintiff personally contacted Experian to dispute the allegedly inaccurate information; whether the credit information referenced in Plaintiff's complaint was reported accurately; and whether Plaintiff suffered any damages as a result of the allegedly inaccurate reporting.

      d. **For the Defendant Equifax Information Services, LLC**: Whether Plaintiff directly disputed to Equifax; whether the credit information disputed by Plaintiff contained any inaccuracies; whether Equifax issued any reports containing the disputed information; whether Plaintiff can show any damages resulting from any action or inaction by Equifax.

D. **Relief Sought By Parties**

   i. Plaintiff's seeks, Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o; Statutory damages pursuant to 15 U.S.C.A. §1681n; Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o and such other or further relief as the Court deems proper

2. **Trans Union**: Trans Union denies that Plaintiff is entitled to any relief from Trans Union. Trans Union is not currently seeking any damages from Plaintiff, but may seek its fees from Plaintiff and Plaintiff's counsel under the terms of the FCRA, the Federal Rules of Civil Procedure and the inherent powers of the Court.
3. **Pending Motions**

A. There are no pending motions.

4. **Proposed Discovery Schedule**

    A. The discovery needed will be Interrogatories, Request to Admit, and Request for Production of Documents. Parties will also need to take several depositions.

    **Trans Union**: Trans Union will seek discovery of materials related to the facts and circumstances surrounding the allegations of Plaintiff's Complaint, Plaintiff's alleged damages, whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Trans Union or any action or inaction of Trans Union, Plaintiff's financial and consumer history, any communications between Plaintiff and any other party, Plaintiff's failure to mitigate her alleged damages, any communication between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint and any discovery necessitated by the pleadings and other discovery.

    B. Parties to make Rule 26(a)(1) disclosures by April 18, 2024;

    C. Written discovery to issue by May 2, 2024;

    D. Deadline to Amend & Join Parties April30, 2024;

    E. Fact discovery to be completed by December 6, 2024;

    F. The parties do not anticipate the need for expert testimony at this time;

    G. All potentially dispositive motions should be filed by February 5, 2025;

5. **Trial**

    A. Plaintiff has requested a jury trial.

    B. The parties expect the trial to take 1-2 days.

6. **Status of Settlement Discussions**

    A. Plaintiff has made a demand to each Defendant.

    B. The parties do not request a settlement conference at this time.

    C. The parties are not interested in pursuing arbitration or mediation.

7. **Consent to Proceed Before a Magistrate Judge**

A. The parties do not unanimously consent to proceed before a Magistrate Judge at this time.

**Dated: March 25, 2024**

*Counsel for Plaintiff*

/s/ _Celetha Chatman_
Michael Wood
Celetha Chatman
**Community Lawyers, LLC.**
980 N. Michigan Avenue, Suite 3100
Chicago, IL 60611
Ph: (312)757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

*Counsel for Defendant Experian Information Solutions, Inc.*

/s/ _John Robert B. DeLaney_
John Robert B. DeLaney
**Jones Day**
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
rdelaney@jonesday.com

*Counsel for Defendant Trans Union, LLC.*

/s/ _Camille R. Nicodemus_
Camille R. Nicodemus
**Quilling Selander, Lownds, Winslett & Moser, P.C.**
10333 N. Meridian St. Suite 200
Indianapolis, IN 46290
Email: whuse@qslwm.com

*Counsel for Defendant Equifax Information Services, LLC*

/s/Kevin M. Hogan

Kevin M. Hogan
Polsinelli PC
150 N. Riverside Plaza, Suite 3000
kmhogan@polsinelli.com

## CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on March 25, 2024 I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: March 25, 2024**                                                                 Respectfully submitted,

                                                                                    By: /s/ *Celetha Chatman*

Michael Wood
Celetha Chatman
***Community Lawyers, LLC.***
980 N. Michigan Avenue, Suite 3100
Chicago, IL 60611
Ph: (312)757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com