# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAELOR DORSEY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 24-cv-00960 |
| v. ) | |
| ) | Hon. Sharon Johnson Coleman |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC.; EQUIFAX INFORMATION ) | |
| SERVICES, and TRANSUNION, LLC. ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S MOTION TO REMAND

NOW COMES Taelor Dorsey ("Plaintiff"), by and through undersigned counsel, and submits this motion to remand this case back to state court for lack of federal jurisdiction, and respectfully states as follows in support:

1. On December 26, 2023, Plaintiff filed a lawsuit in Illinois state court (the "State Court Action") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), against Defendants, Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union", or together "Defendants"). [Docket No. 1].

2. The State Court Action was filed in the Circuit Court of Cook County, Illinois, Municipal Department, First District. *See* [Docket No. 1].

3. Plaintiff did not allege facts relating to standing in the State Court Action. The complaint contains no allegations that Plaintiff suffered a concrete harm or appreciable risk of harm apart from the statutory violation itself, nor is there any factual support alleged in

1

support of the same. *See* [Docket No. 1].

4. Plaintiff filed the action in state court after considering the recent Supreme Court decision regarding the standing in FCRA cases. *See TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2021) ("plaintiffs who alleged that their credit reports containing misleading information were provided to a third party had standing to sue for a FCRA violation because the dissemination constituted 'concrete reputation harm,' analogizing it to the tort of defamation.") *Ramirez,* 141 S. Ct. at 2200.

5. This decision has changed the law regarding standing for claims under the FCRA. Specifically, substantive FCRA violations, standing alone, are no longer sufficient to confer standing on a plaintiff. The plaintiff must have suffered a specific, concrete injury beyond a violation of her statutory rights under the FCRA. Specifically, Plaintiff has not alleged that Defendant disseminated information to a third party to confer standing. *See Schumacher v. SC Data* 33 F. 4th 504 (U.S. 8th Cir. 2022) ("One of the primary goals of the FCRA is to protect consumers and employees from the dissemination of inaccurate information. We decline Schumacher's request to create an additional right under the FCRA, that is, the right to explain to a prospective employer negative but accurate information in a consumer report.")

6. To have standing to sue in federal court under Article III, plaintiff must establish: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Buitron v. Trans Union, LLC.,* 31 F. Supp. 2d, 162 (N.D. III. 2022) (citing *Ramirez,* 141 S. Ct. 2190, 2203 (2021) and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)).

7. Plaintiff has not alleged any facts regarding a specific, concrete injury beyond a violation of her statutory rights under the FCRA.

8. On February 2, 2024, Defendant Transunion, LLC., filed a Notice of Removal in the United States District Court for the Northern District of Illinois, Eastern Division. [Docket No. 1].

9. As the party invoking federal jurisdiction, Defendant must establish that all elements of jurisdiction – including Article III standing – existed at the time of removal. *See Lujan* 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing); *Tri-State Water Treatment, Inc., v. Bauer,* 845 F. 3d 350, 352-53 (7th Cir. 2017) (cert. denied) ('the party seeking removal" must establish federal jurisdiction"). *Collier v SP Plus Corp.,* 889 F. 3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction – including Article III standing – existed at the time of removal.").

10. Thus Defendant, and not Plaintiff, bears the burden of establishing standing. This is especially true as Plaintiff did not purport to allege any other concrete injury beyond the statutory violation and does not do so now. See *Thornley v. Clearview Al, Inc.,* 984 F.3d 1241, 1248 (7th Cir. 2021) ("Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court.").

11. Speculative future harm, such as the resetting of the statute of limitations, is at

3

best, insufficient to show past harm that can be compensated with monetary damages. See *Buitron,* 31 F. Supp. 2d, 163. ("information being reported by defendant credit reporting agencies is not accurate; that the information being reported by defendant credit reporting agencies is not accurate; that the reporting of that incorrect information can reset the statute of limitations for The Bureaus to sue Buitron; that Trans Union has continued to report the derogatory inaccurate information about Buitron; and that Buitron is seeking actual damages…is insufficient to show past harm.)

12. A plaintiff seeking monetary damages has standing to sue in federal court only for harms which have materialized. *Id.* (referencing how Buitron has not pleaded that "[t]he disclosure of consumer credit information…is what happened and thus is the source of the alleged injury giving rise to the FCRA claims.") See also *Ramirez,* 141 S. Ct. at 2210-11)

13. Procedural violations of the FCRA, and a "bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-fact requirement of Article III. *Buitron,* 31 F. Supp. 2d at 163.

14. Plaintiff's actual damages claims are of the sort that the United States Supreme Court, the Seventh Circuit and District Courts in this district have routinely and repeatedly rejected as the "concrete injury" necessary to confer Article III standing on a case. Plaintiff's allegations can be categorized as claims of a (a) future harm, and (b) emotional injuries. While actual damages and compensable under the FCRA, if proven, these damages are not sufficient to meet the threshold requirement for Article III standing espoused in Ramirez. *See, Ramirez,* 141 S. Ct. at 2210 ("a person exposed to risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from

occurring, at least so long as the risk of harm is sufficiently imminent and substantial"); see also, *Pierre v. Midland Credit Mgmt., Inc.* 29 F.4th 934, 938 (7th Cir. 2022) (Suits for money damages, in contrast, recognize as concrete "harms that have in fact materialized"); *Angulo v. Truist Bank*, 2022 U.S. Dist. LEXIS 193573, *11 (N.D. Ill. Oct. 25, 2022) ("An inaccurate credit report could plausibly cause a pecuniary harm to Angulo in the future if he applies for credit. But this does not confer standing to collect money damages now for harm that has not yet happened") (emphasis in original); *Stagger v. Experian Info. Solutions*, 2022 U.S. Dist. LEXIS 39276, *7 (Feb. 9, 2022) ("the Supreme Court [in Ramirez] scotched the notion that risk of future harm provides standing to sue for damages and Stagger is not seeking injunctive relief."

15. Similarly, courts in the Seventh Circuit *post-Ramirez* have routinely and repeatedly dismissed FCRA and FDCPA cases for lack of Article III standing when emotional injury is the only injury claimed. *See, Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) ("As our bevy of recent decisions on FDCPA standing makes clear, anxiety and embarrassment are not injuries in fact"); *Angulo v. Truist Bank*, 2022 U.S. Dist. LEXIS 193573, at *10 ("Emotional distress is not a concrete injury the FCRA sought to protect consumers from, so it cannot be an injury in fact for standing purposes"); *Pierre v. Midland Credit Mgmt., Inc*. 29 F.4th 939 (holding that "worry . . . is insufficient to confer standing" in related context of Fair Debt Collection Practices Act violation).

16. In *Pucillo v. National Credit Systems, Inc.*, the Seventh Circuit affirmed the dismissal of an FDCPA claim when the plaintiff's allegation of damages included that he "feared" that "the non-payment of the debt would impact [his] credit" and that receiving the letters "scared" him because he "thought that it would take even longer to improve [his] credit score and reputation," and that they "alarmed and upset" him and "destroyed the 'fresh start' " he

5

had sought in his bankruptcy filing. 66 F.4th 634, 637 (7th Cir. 2023); see also *Pennell v. Glob. Tr. Mgmt.*, LLC, 990 F.3d at 1045 (rejecting the plaintiff's argument that her allegations of stress and confusion sufficed for standing, finding that stress by itself does not amount to concrete harm).

17. As it is Defendant's contention that Article III standing exists, and not that of Plaintiff, Plaintiff respectfully submits that Defendants must present its basis for filing its Notice of Removal in connection with the State Court Action.

18. Defendant's Notice of Removal alleges no facts that could support Article III standing in this case. *See* [Docket No. 1].

19. As such, 28 U.S.C. § 1447(c) requires this Court to return this case to state court, as Defendants have not established a basis for Article III standing, and thus for federal jurisdiction.

WHEREFORE, for the reasons set for the above, Plaintiff does not have Article III standing and therefore, respectfully requests that this Court remand this case to the Circuit Court of Cook County, Illinois, Municipal Department, First District, for lack of Article III standing.

[signature block on following page]

Respectfully submitted,

By: /s/ *Celetha Chatman*
　　　One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

      I, Celetha Chatman, hereby certify that on April 1, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                          /s/ *Celetha Chatman*
                                          Celetha Chatman